(61 Misc. Rep. 608.)

### ROBINSON v. STANLEY.

(Supreme Court, Appellate Term. January 8, 1909.)

PLEADING (§ 11*)—COMPLAINT—ALLEGATION OF EVIDENCE OF FACT.
 . The averment of the complaint that "the books * * * showed defendant had taken from said business and wrongfully converted to his own use" a certain sum is not one of fact for the purpose of tendering an issue, but of the existence of evidence to prove a fact, and so is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

Appeal from City Court of New York, Trial Term.

Action by Charles A. Robinson against William F. Stanley. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Peter B. Hanson, for appellant.
George W. Thomas, for respondent.

BISCHOFF, J. The complaint proceeded for a conversion of moneys by the defendant, when employed as an agent by the plaintiff, and the allegations disclosed the fact that the agency was of a very general character, supporting an obligation to account, but involving no duty upon the agent's part to pay over specific sums when received. Under these circumstances a cause of action growing out of the agent's possession of a balance due to his employer would appear to be one arising upon contract, and not for conversion. See Parmenter v. Am. Box Co., 44 App. Div. 47, 60 N. Y. Supp. 432. We do not place our determination of the appeal on this ground, however; but it is referred to because involved upon an amendment of the complaint which must precede any recovery by this plaintiff.

Error, requiring reversal of the judgment, is apparent from the denial of the motion to dismiss the complaint for insufficiency of substance; there being no allegation of fact in the pleading to support the defendant's liability to the plaintiff. The only averment bearing upon the defendant's indebtedness, or failure to account, is that:

"The books of said business showed that the defendant had taken from said business and wrongfully converted to his own use the sum of $1,299."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This obviously amounts to no more than a statement of the existence of evidence to prove a fact, and is in no sense an allegation of the fact itself, for the purpose of tendering an issue. No amendment of the complaint having been sought or directed, the motion for a dismissal upon the ground that it failed to state a cause of action should have been granted, and the judgment is therefore reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.